JOHN L. BURRIS ESQ., SBN 69888
LATEEF GRAY, ESQ., SBN 250055
JAMES A. COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
lateef.gray@johnburrislaw.com

Attorneys for Plaintiff
JACOBIA PERKINS

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBIA PERKINS, an individual,<br><br>                              Plaintiff,<br><br>        vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; SEAN PERDOMO, individually and in his capacity as a Sergeant for the City and County of San Francisco Police Department; MICHAEL GRAHAM, individually and in his capacity as an officer for the City and County of San Francisco Police Department; DAVID SANDS, individually and in his capacity as an officer for the City and County of San Francisco Police Department; BRANDON ROCK, individually and in his capacity as an officer for the City and County of San Francisco Police Department ; GARTH SUTTON, individually and in his capacity as an officer for the City and County of San Francisco Police Department ; JARRON CROSS, individually and in his capacity as an officer for the City and County of San Francisco Police Department; JEFFREY CAMILOSA, | CASE NO.: 3:16-cv-6814<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, and  1988)<br><br>**JURY TRIAL DEMANDED** |

individually and in his capacity as an officer for the City and County of San Francisco Police Department and DOES 1-50, inclusive, individually, jointly and severally,

                      Defendants.

## INTRODUCTION

1.  This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. This action is against officers SEAN PERDOMO, MICHAEL GRAHAM, DAVID SANDS, BRANDON ROCK, GARTH SUTTON, JARRON CROSS, JEFFREY CAMILOSA, and DOES 1-50.

2.  It is also alleged that these violations were committed during the course and scope of the above-mentioned officers' employment with the CITY AND COUNTY OF SAN FRANCISO POLICE DEPARTMENT.

## JURISDICTION

3.  This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in San Francisco California, which is within the judicial district of this Court.

## PARTIES

4.  At all times mentioned herein, Plaintiff JACOBIA PERKINS ("Plaintiff") has been and is a resident of California and a United States Citizen.

5.  At all times mentioned herein, Defendant Sergeant SEAN PERDOMO ("Defendant Perdomo") is sued in his individual capacity and in his capacity as a Sergeant for the City and County of San Francisco Police Department.

6.  At all times mentioned herein, Defendant Officer MICHAEL GRAHAM ("Defendant Graham") is sued in his individual capacity and in his capacity as an officer for the City and County of San Francisco Police Department.

7. At all times mentioned herein, Defendant Officer DAVID SANDS ("Defendant Sands"), is sued in his individual capacity and in his capacity as an officer for the City and County of San Francisco Police Department.

8. At all times mentioned herein, Defendant Officer BRANDON ROCK ("Defendant Rock"), is sued in his individual capacity and in his capacity as an officer for the City and County of San Francisco Police Department.

9. At all times mentioned herein, Defendant Officer GARTH SUTTON ("Defendant Sutton"), is sued in his individual capacity and in his capacity as an officer for the City and County of San Francisco Police Department.

10. At all times mentioned herein, Defendant Officer JARRON CROSS ("Defendant Cross"), is sued in his individual capacity and in his capacity as an officer for the City and County of San Francisco Police Department.

11. At all times mentioned herein, Defendant Officer JEFFREY CAMILOSA ("Defendant Camilosa") is sued in his individual capacity and in his capacity as an officer for the City and County of San Francisco Police Department.

12. At all times mentioned herein, Defendant CITY AND COUNTY OF SAN FRANCISCO ("City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of San Francisco Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of DOES Defendants, individually and as peace officers.

13. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## FACTUAL ALLEGATIONS

14. On November 26, 2014, Defendant Perdomo allegedly received a tip from an informant that someone was selling methamphetamine at the back of the Burger King located at the intersection of 16th and Mission Streets in San Francisco. At the time, the informant did not give any physical description of the person that they believed was selling drugs. The Defendant officers had no further information about how to locate the suspected drug dealer other than the back of the Burger King.

15. On the same date and around the same time, Plaintiff was sitting in the Burger King located at the intersection of 16th and Mission Streets, using his cell phone, minding his business and not committing any crimes. Subsequently, Defendants Perdomo, Graham, and Sands arrived on the scene. The informant was not in the Burger King when the Defendant Officers arrived. Although there were other customers in the Burger King, without justification, Defendant Perdomo abruptly singled out Plaintiff and proceeded to walk directly towards him. When Defendant Perdomo walked up to Plaintiff, Defendant Perdomo did not see anything that resembled narcotics. Defendant Perdomo also did not see any money or weapons. Without saying a word or giving any commands, Defendant Perdomo approached Plaintiff and allegedly lifted up his shirt. Confused, Plaintiff began to stand up. Without warning, Defendant Perdomo violently grabbed Plaintiff. Inexplicably, Defendant Perdomo then proceeded to brutally slam Plaintiff onto a table. Defendant Perdomo then aggressively tackled Plaintiff to the ground. Defendant Graham then grabbed Plaintiff's arm. Defendant Sands assisted Defendants Graham and Perdomo in placing Plaintiff in handcuffs.

16. During the incident, Plaintiff exhibited clear signs that he was experiencing a mental health emergency. These signs included screaming incoherently and repeatedly telling the Defendant officers that he wanted to kill himself. Even still, the Defendant officers ignored the clear signs that Plaintiff was suffering from a mental health breakdown and continued to handle him without any regard for his physical or mental well-being.

17. Defendants Rock and Sutton arrived on the scene and forcibly carried Plaintiff to their patrol car. The Defendant officers watched as Plaintiff repeatedly slammed his head against the patrol car. At some point, a spit mask was placed on Plaintiff, covering his entire head. The Defendant

officers on the scene violently threw Plaintiff into the back of the patrol car. Instead of seeking mental health treatment for Plaintiff, Defendants Rock and Sutton transported Plaintiff to a Sally Port at the Mission Police Station. During the course of the drive, Defendants Rock and Sutton did nothing as Plaintiff repeatedly slammed his head against the metal gate in the patrol car.  Plaintiff's head bled profusely. When Plaintiff arrived at the station, the spit mask that covered his head was covered with blood.  The Defendant officers on the scene and at the station failed to provide Plaintiff with adequate medical attention.

18. Without regard for Plaintiff's well-being, Defendants Cross and Camilosa violently removed Plaintiff from the back of the patrol car and needlessly pinned him against it as he continued to bleed profusely. The Defendant officers then tossed Plaintiff into the back of a police wagon. After this, the Defendant officers then transported Plaintiff to San Francisco General Hospital for treatment.

19. From San Francisco General Hospital, Plaintiff was taken to the San Francisco County Jail, where he was imprisoned for several months while defending against the multitude of charges levied against him.

20. Plaintiff contends that Defendant Perdomo wrongfully assumed that Plaintiff was a drug dealer.

21. Plaintiff maintains that he was unarmed and did not have any drugs on him.

22. Plaintiff asserts that Defendant Perdomo did not act the in lawful performance of his duties when he detained and arrested him.

23. As a result of the incident, Plaintiff suffered from an unlawful arrest. Plaintiff also suffered from gashes to his head and bruises all over his body.

24. Plaintiff alleges that only unreasonable officers would arrest and carelessly handle a man in the midst of a mental health emergency in the manner the Defendant officers did.  Plaintiff similarly alleges that he never presented any threat to anyone that could justify the amount of force that the Defendant officers used.

25. The actions and omissions of City and the Defendant City and County of San Francisco Police Department officers was objectively unreasonable under the circumstances, without

legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.  City was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

26.     The actions of Defendants' described herein were brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

## DAMAGES

27.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983, the Fourth and Fourteenth Amendments, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

28.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution-Unlawful Detention)**
**(42 U.S.C. § 1983)**
**(Against Defendants Perdomo, Graham, Sands, and DOES 1-25)**

29.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 of this Complaint.

30.     Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants lacked the requisite reasonable suspicion to detain Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution-Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Against Defendants Perdomo, Graham, Sands, and DOES 1-25)**

31.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this Complaint.

32.     Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants lacked the requisite probable cause to arrest Plaintiff..

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against Defendants Perdomo, Graham, Sands, Rock, Sutton, Cross, Camilosa, and DOES 1-25)**

33.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint.

34.     Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Denial of Medical Care)**
**(42 U.S.C. § 1983)**
**(Against Defendants Perdomo, Graham, Sands, Rock, Sutton, Cross, Camilosa, and DOES 1-25)**

35.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 of this Complaint.

36.     As a result of the conduct of Defendants, individually and as peace officers, they are liable for Plaintiff's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

37. Defendants, individually and as peace officers, knew or should have known that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm.

38. The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of punitive damages as to Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(*Monell* - 42 U.S.C. § 1983)**
**(Against Defendants City and DOES 26-50)**

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 of this Complaint.

40. Plaintiff is informed and believes and thereon alleges that high-ranking City officials, including high-ranking supervisors such as DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about systemic, unwarranted uses of force by Perdomo, Graham, Sands, Rock, Sutton, Cross, Camilosa, DOES 1-25, and/or the San Francisco Police Department.

41. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

42. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or each of them, the San Francisco Police Department encouraged these officers to continue their course of misconduct and ignored these officers' lack of training, resulting in the violation of Plaintiff's rights as alleged herein.

43. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of City police officers, including, but not limited to their use of excessive force.

44.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking County officials, including high ranking City Police Department supervisors DOES 26-50, Defendants DOES 1-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Violation of 42. U.S.C. section 12132)**
**(Against all Defendants herein)**

45.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 of this Complaint.

46.     As against the Defendant City and DOES 26-50 in his/their capacity as official policy maker(s) for the City, Plaintiffs further allege that said defendants failed to train, supervise, and or discipline Defendants Perdomo, Graham, Sands, Rock, Sutton, Cross, Camilosa, and/or DOES 1-25, in recognizing symptoms of disability under title II of the Americans with Disabilities Act; from excluding qualified individuals such as Plaintiff from participation in or denial of benefits of services provided by Defendant City, or in otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities act, resulting in the blatant disregard for Plaintiff's well-being during the course of the subject-incident.

47.     At the time the Defendant Officers arrested and handled Plaintiff with excessive force, said Defendants had no information and no reasonable belief that Plaintiff committed a crime or posed a threat to anyone.  Throughout the course of the incident, Defendants were aware of Plaintiff's disability and the symptoms and manifestations of Plaintiff's recognized disability.  Defendants further permitted the aforementioned conduct of Defendant Officers Perdomo, Graham, Sands, Rock, Sutton, Cross, Camilosa, and or DOES 1-25. Defendants excluded Plaintiff from participation in and

denied Plaintiff the benefits of Defendant City's programs and activities, and/ or discriminated against Plaintiff.

48. The exclusion, denial of benefits, and/or discrimination against Plaintiff was by reason of Plaintiff's recognized disability.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

49. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated:  November 17, 2016           __/s/ John L. Burris
                                    John L. Burris Esq.
                                    Attorney for Plaintiff

Dated:  November 17, 2016           __/s/ Lateef Gray
                                    Lateef Gray Esq.
                                    Attorney for Plaintiff