UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBIA PERKINS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 16-cv-06814-HSG<br><br>**ORDER GRANTING MOTION TO BIFURCATE AND TO STAY DISCOVERY**<br><br>Re: Dkt. No. 24 |

Pending before the Court is Defendants City and County of San Francisco ("San Francisco"), and Sergeant Sean Perdomo, Officer Michael Graham, Officer David Sands, Officer Brandon Rock, Officer Garth Sutton, Officer Jarron Cross, and Officer Jeffrey Camilosa's (the "Officers") (collectively, "Defendants") motion to bifurcate Plaintiff Jacobia Perkins' ("Plaintiff") trial of his § 1983 claims against San Francisco, and to stay discovery related to those claims. Dkt. No. 24. Plaintiff has opposed, Dkt. No. 26, and Defendants have replied, Dkt. No. 27. Having read the parties' papers and carefully considered their arguments, the Court finds the matter appropriate for decision without oral argument, *see* Civil L.R. 7-1(b), and **GRANTS** the motion for the reasons stated below.

## I. BACKGROUND

### A. Factual Allegations[1]

"On November 26, 2014, Defendant Perdomo allegedly received a tip from an informant that someone was selling methamphetamine at the back of the Burger King located at the intersection of 16th and Mission Streets in San Francisco." Dkt. No. 1 ¶ 14. The informant did

---

[1] This statement of facts is based on Plaintiff's allegations set forth in the complaint, many of which Defendants dispute. *Compare* Dkt. No. 1 ¶¶ 14-26 *with* Dkt. No. 24 at 3-4.

1 not offer a physical description of the individual, though Plaintiff was sitting in the Burger King
2 around the same time. *Id.* When Perdomo, Graham, and Sands arrived at the Burger King, they
3 approached Plaintiff, and Perdomo "allegedly lifted up his shirt" "without saying a word." *Id.*
4 ¶ 15. As Plaintiff began to stand up, Perdomo slammed Plaintiff onto a table before tackling him
5 to the ground. *Id.* Graham then grabbed Plaintiff's hand, and the three Officers placed Plaintiff in
6 handcuffs. *Id.* As this was happening, Plaintiff began screaming and repeatedly telling the
7 Officers "that he wanted to kill himself." *Id.* ¶ 16. Plaintiff alleges that despite these "clear signs
8 that he was experiencing a mental health emergency . . . [the officers] continued to handle him
9 without any regard for his physical or mental well-being." *Id.*

Officers Rock and Sutton then arrived on the scene and carried Plaintiff to their patrol car. *Id.* ¶ 17. Plaintiff allegedly began slamming his head against the car as the Officers watched, before placing Plaintiff in a spit mask that covered his entire head. *Id.* Rock and Sutton then transported Plaintiff to the Mission Police Station. *Id.* Plaintiff alleges that during the ride, Rock and Sutton did nothing as Plaintiff repeatedly slammed his head against the metal gate in the patrol car, causing his head to bleed "profusely." *Id.* Plaintiff alleges that "[t]he Defendant officers on the scene and at the station failed to provide Plaintiff with adequate medical attention." *Id.* ¶ 18. At the station, Plaintiff alleges that Cross and Camilosa "violently" removed Plaintiff from the patrol car and pinned him against it, before putting Plaintiff into a police wagon that transported Plaintiff to San Francisco General Hospital for treatment. *Id.*

Plaintiff contends that Perdomo "wrongfully assumed that Plaintiff was a drug dealer," "did not act [] in lawful performance of his duties when he detained and arrested him," and that as a result of the incident, "Plaintiff suffered from an unlawful arrest . . . [and] gashes to his head and bruises all over his body." *Id.* ¶¶ 20, 22, 23. Plaintiff further contends that "[t]he actions and omissions of [Defendants] w[ere] objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures . . . ." *Id.* ¶ 25. Finally, Plaintiff contends that San Francisco "was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and

1 otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and

2 discipline its law enforcement officers and/or employees and agents . . . ." *Id.*

### B. Procedural History

Plaintiff filed this action on November 25, 2016. Dkt. No. 1. The complaint asserts § 1983 claims against various Officers for unlawful detention, unlawful seizure, excessive force, and denial of medical care, a § 1983 municipal liability claim against San Francisco for ratifying and/or tacitly authorizing unconstitutional customs and practices by the Officers, and a 42 U.S.C. § 12132 Americans with Disabilities Act claim against all Defendants for San Francisco's alleged failure to train officers in recognizing the symptoms of disability, exclusion of Plaintiff from participation in or denial of benefits of services provided by San Francisco, or otherwise discriminating against Plaintiff. *Id.* Defendants filed the instant motion to bifurcate and to stay discovery and disclosures on March 1, 2017. Dkt. No. 24.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides that: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, [or] claims[.]" Rule 42(b) confers "broad authority," *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001), and "giv[es] the district court virtually unlimited freedom to try the issues in whatever way trial convenience requires." Charles A. Wright, *et al.*, 9A Fed. Prac. & Proc. (Trials) § 2387 (3d ed. rev. 2015). The Ninth Circuit has held that implicit in the power of courts to bifurcate trial under Rule 42(b) is the "power to limit discovery to the segregated issues" because "[o]ne of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (per curiam); *accord Craigslist Inc. v. 3Taps, Inc.*, 942 F. Supp. 2d 962, 982 (N.D. Cal. 2013). When a party moves to stay only discovery and not the entire proceeding, the "good cause" standard of the protective order provision of Federal Rule of Civil Procedure 26(c) controls. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party . . . forbidding inquiry into certain matters, or limiting the scope of

disclosure or discovery to certain matters[.]"). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

## III. DISCUSSION

Exercising its discretion under Rule 42(b), the Court finds that it is appropriate to bifurcate trial of the individual claims and the *Monell* municipal liability claim in this case. Bifurcation will preserve substantial judicial and party resources in the event the Officers are not found individually liable. For the same reason, under Rule 26(c), the Court also stays any and all discovery that pertains exclusively to that derivative liability claim.

As other courts in this district have held under similar circumstances, "bifurcation is conducive to expedition and economy because a finding that the individual officers did not deprive [the plaintiff] of his constitutional or statutory rights . . . is dispositive of plaintiffs' claims against the City[.]" *Boyd v. City and Cnty. of San Francisco*, No. C-0405459, 2006 WL 6800556, at *2 (N.D. Cal. Mar. 14, 2006). This is because "neither *Monell* . . . nor any other of [the Supreme Court's] cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see also Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002) ("Exoneration of [the individual officer] of the charge of excessive force precludes municipal liability for the alleged unconstitutional use of such force."); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (holding, where individual officers were entitled to judgment on ground they did not use excessive force, municipality was entitled to judgment on claim municipality failed to adequately train officers). And there are no countervailing efficiencies.[2] If the Officers are found liable, collateral estoppel will establish that fact in the second trial.

The same judicial efficiencies that warrant bifurcation also provide good cause for a stay of

---

[2] While Plaintiff argues that bifurcation would not be efficient, cost-saving, or just, he relies almost entirely on out-of-circuit cases, by which the Court is not persuaded. *See* Dkt. No. 26 at 5-8.

4

discovery under Rule 26(c) with respect to Plaintiff's municipal liability claims until Plaintiff's claims against the Officers are adjudicated. "[I]n order to prove the unlawful municipal policies alleged, [Plaintiff] may require discovery with respect to, *inter alia*, incidents involving non-party officers. Because such discovery has no apparent relevance to the claims against the individual officer defendants herein, a stay will conserve the resources of the parties and the Court by deferring such discovery until such time as one or more of the individual officers has been found liable or entitled to qualified immunity." *Boyd*, 2006 WL 680556, at *3. To the extent that Plaintiff can show that discovery directly pertains to the individual claims, it may proceed.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion, **BIFURCATES** the trial of the individual liability claims against the Officers (for unlawful detention, unlawful seizure, excessive force, denial of medical care, and violation of 42 U.S.C. § 12132), from the *Monell* claims against San Francisco, and **STAYS** discovery on any issues that pertain exclusively to the *Monell* claims until after Plaintiff's individual claims are resolved.

**IT IS SO ORDERED.**

Dated: 4/28/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

5